UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Aaron Ashcraft,<br><br>　　　　　　Defendant. | No. 2:22-cr-00087-KJM<br><br>ORDER |

　　　　Proceeding pro se, defendant Aaron Ashcraft moves for compassionate release under 18 U.S.C. § 3582.  For the reasons below, the court **denies the motion.**

**I.　　BACKGROUND**

　　　　Following the entry of his guilty plea to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of bank fraud in violation of 18 U.S.C. § 1344, Mins. Change of Plea Hr'g, ECF No. 6; Information, ECF No. 1, this court sentenced defendant Aaron Ashcraft to 41 months' imprisonment followed by 36 months' supervised release, Mins. Sent'g, ECF No. 23.  Recently, on January 10, 2024, this court entered an order reducing defendant's sentence to 33 months based on the U.S. Sentencing Commission's retroactive zero-point offender amendment to the Sentencing Guidelines.  *See* Prior Order, ECF No. 40 (citing U.S.S.G. § 4C1.1).

Defendant now moves for compassionate release based on the medical condition of his son. Mot., ECF No. 35. He argues his son, D.A.,[1] "was recently diagnosed with an aggressive and advanced strain of Multiple Sclerosis and is unable to care for himself and there are no other family members other than the Defendant that provide for him." *Id.* at 1; *see also id.* at 3. The government opposes the motion, Opp'n, ECF No. 41, and defendant has replied, Reply, ECF No. 43.

## II.   LEGAL STANDARD

In general, district courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in exceptional circumstances, the court can modify the term of imprisonment under § 3582(c)(1)(A). *Id.* A defendant must first exhaust administrative remedies. *Id.* If a defendant has exhausted administrative remedies, the analysis is twofold. First, to grant relief, the court must find "extraordinary and compelling reasons warrant" the requested reduction. *Id.* Second, the court must consider the same factors that were applicable at the original sentencing, enumerated in 18 U.S.C. § 3553(a), to the extent they remain applicable. *Id.*

Section 3582 further requires a reduction to be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Sentencing Commission has issued a policy statement addressing what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13 (last amended Nov. 1, 2023). The relevant policy statement outlines the following family circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: "The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition." U.S.S.G. § 1B1.13(b)(3)(A). Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022).

---

[1] The court uses initials to protect the privacy interest of defendant's son, who is a third party.

2

### III. ANALYSIS

The parties do not dispute defendant has exhausted his administrative remedies as required by § 3582(c). *See* Mot. at 2; Opp'n at 3. Thus, the remaining questions before the court are whether: 1) defendant's request is supported by "extraordinary and compelling" reasons, and 2) the relevant § 3553(a) sentencing factors weigh in favor of a reduction in sentence.

Defendant has not met his burden of showing extraordinary and compelling reasons for a reduction. As noted, defendant cites his son's MS diagnosis and need for care. Family circumstances involving the "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition" can constitute an extraordinary and compelling reason to warrant early release. U.S.S.G. § 1B1.13(b)(3)(A). Defendant has not shown, however, that his circumstances fall within this guidance.

First, defendant does not show D.A. is incapable of self-care. Although defendant does not specify D.A.'s age, the presentence investigative report notes D.A. is not a minor. Presentence Investigation Report (PSR) ¶ 64, ECF No. 17 (sealed). Certain aspects of D.A.'s health issues were before the court at the time of sentencing. *Id*. Without questioning the severity of D.A.'s diagnosis, the court has no basis to conclude D.A.'s recent diagnosis renders him incapable of self-care, as there are no medical records or other relevant evidence to support defendant's description of D.A.'s condition and needs.

Second, defendant does not show D.A.'s caregiver has passed away or has been otherwise incapacitated. Although defendant does not state who D.A.'s caregiver has been in his motion, *see generally* Mot., at the time of sentencing, D.A. was living with his mother. PSR ¶ 67. Her issues as well as defendant's position he was a "single dad" also were before the court at the time of sentencing. *Id.* ¶¶ 65-72. For the first time on reply, defendant argues D.A.'s mother "has no legal requirement to care for him anymore," and is unable to care for D.A. because she is homeless, an alcoholic, and has severe mental and physiological condition. Reply at 5. As with D.A.'s condition, defendant does not support his arguments with any relevant evidence. The court has no firm basis on which to conclude D.A.'s mother is incapacitated.

To the extent defendant states D.A. is no longer living with his mother and is living on his own, Reply at 3, 6–8, the court does not have relevant evidence to determine who D.A.'s caregiver is and whether D.A. is living on his own because he is in fact capable of self-care. Because defendant does not show 1) his child is incapable of self-care, and 2) his son's caregiver has died or is incapacitated, he has not demonstrated extraordinary and compelling reasons warrant compassionate release.  *See, e.g.*, *United States v. Velazquez-Inchaurregui*, No. 22-02528, 2023 WL 7926797, at *2 (S.D. Cal. Nov. 16, 2023) ("Because Defendant fails to show that the caregiver of her minor children has died or is incapacitated, she has failed to demonstrate extraordinary and compelling reasons for her release."), *cf.* *United States v. Lanphear*, No. 19-19, 2024 WL 97369, at *2 (D. Mont. Jan. 9, 2024) ("[B]ecause [the father] was the caregiver of [the defendant's] minor child at the time of his death and there is no requirement that the defendant be the child's only available caregiver, [the father's] death qualifies as an extraordinary and compelling reason under § 1B1.13.").

Because the court concludes defendant's request is not supported by "extraordinary and compelling" reasons, the court does not reach the § 3553(a) sentencing factors. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." (emphasis in original)).

IV.   **CONCLUSION**

Defendant's motion for compassionate release is **denied without prejudice to renewal** with supporting evidence, if possible.

This order resolves ECF No. 35.

IT IS SO ORDERED.

DATED: February 8, 2024.

CHIEF UNITED STATES DISTRICT JUDGE