1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    United States of America,                    No. 2:22-cr-00087-KJM

12                        Plaintiff,               ORDER

13          v.

14    Aaron Ashcraft,

15                        Defendant.

16

17          On February 9, 2024, this court denied defendant Aaron Ashcraft's motion for

18    compassionate release.  Prior Order, ECF No. 44.  The court found defendant did not show

19    1) his adult son was incapable of self-care and 2) his son's caregiver has passed away or has been

20    otherwise incapacitated.  *Id.* at 3.  The court therefore found defendant did not demonstrate

21    extraordinary and compelling reasons to warrant compassionate release and did not reach the

22    18 U.S.C. § 3553(a) sentencing factors.  *Id.* at 4.  Defendant now moves for reconsideration of the

23    court's prior order.  *See* Mot., ECF No. 46.  The government opposes.  Opp'n, ECF No. 49.  The

24    motion is **denied.**

25          Although the Federal Rules of Criminal Procedure do not expressly authorize motions for

26    reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration

27    in criminal cases.  *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).  "No precise

28    'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior

                                          1

1  ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013).

2  It is instead a matter of discretion. *Id.*

3        Under this District's Local Rules, a motion for reconsideration must identify "what new or

4  different facts or circumstances are claimed to exist that did not exist or were not shown upon

5  such prior motion or what other grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i). "But

6  as is true of motions for reconsideration in civil cases, motions for reconsideration in criminal

7  cases are almost always denied when they rest on arguments or evidence the moving party

8  previously raised or could have raised and denial would not cause manifest injustice." *United*

9  *States v. Davis*, No. 98-00114, 2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*,

10  No. 21-10094, 2022 WL 1090945 (9th Cir. Apr. 12, 2022).

11        Reconsideration is not warranted here. There are no new facts or circumstances that did

12  not exist at the time of the original motion, nor changes in controlling law. Rather, defendant

13  provides additional evidence to support his initial motion for compassionate release. Defendant

14  may not supplement his prior motion after this court has already ruled on the motion. *See Cachil*

15  *Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069

16  (E.D. Cal. 2009) ("[P]arty may not use a motion for reconsideration to . . . present new evidence

17  for the first time when it could reasonably have been raised earlier in the litigation."); *cf. Frietsch*

18  *v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for

19  reconsideration to enable a party to complete presenting his case after the court has ruled against

20  him."). Accordingly, the motion is **denied.**

21        Defendant may, however, raise a renewed motion for compassionate release if he is able

22  to, based on the following information. In his renewed motion defendant must address:

23  1) whether he has exhausted administrative remedies, 2) what extraordinary and compelling

24  reasons exist to warrant the requested reduction, and 3) whether the 18 U.S.C. § 3553(a)

25  sentencing factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1).

26        To the extent defendant relies on the same family circumstances to show extraordinary

27  and compelling reasons, defendant must be able to show his adult son is "incapable of self-care

28  because of a mental or physical disability or a medical condition." *See* U.S.S.G.

1   § 1B1.13(b)(3)(A).  Although defendant attached his son's medical records to his most recent

2   motion, the court is unable to determine whether his son is incapable of self-care just from these

3   records.  *See* Mot. Attach. A.  For example, the medical records show his son's diagnosis and the

4   treatments he has received.  *Id.*  However, they do not show what kind of care his son needs and

5   whether his conditions are such that he is unable to care for himself.  *See id.*

6          Moreover, defendant must be able to also show "death or incapacitation" of his son's

7   caregiver.  *See* U.S.S.G. § 1B1.13(b)(3)(A).  Defendant argues his son's only available caretaker

8   is mentally incapacitated and attaches documents he says support this argument.  *See* Mot. at 2;

9   Mot. Attach. B.  However, attachment B is blurry and illegible.  Additionally, it is unclear

10  whether defendant's spouse is the son's current caregiver, or if not, who is.

11         Defendant may file a renewed motion for compassionate release addressing these issues

12  within 30 days of receiving this order.  The government's response shall be filed twenty-one days

13  thereafter.  Defendant's reply, if any, shall be filed within fourteen days of receiving any

14  government response.

15         This order resolves ECF No. 46.

16         IT IS SO ORDERED.

17  DATED:  April 30, 2024.

CHIEF UNITED STATES DISTRICT JUDGE

3